IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H.Z., M.Z. by and through her Next Friend, H.Z., G.Z., by and through his Next Friend, H.Z., and A.J., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>NORTH KANSAS CITY HOSPITAL AUXILIARY AND PERRY JOHNSON & ASSOCIATES, INC.,<br><br>Defendants. | Case No. 4:24-cv-00111 |

### DEFENDANT NORTH KANSAS CITY HOSPITAL AUXILIARY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant North Kansas City Hospital Auxiliary ("**Defendant**") files this Notice of Removal of the case from the Circuit Court of Clay County, Missouri to the United States District Court for the Western District of Missouri, and states as follows:

### BACKGROUND

1. On January 17, 2024, Plaintiffs H.Z., M.Z. by and through her Next Friend, H.Z., G.Z. by and through his Next Friend, H.Z., and A.J. (collectively "**Plaintiffs**") commenced this action in the Circuit Court of Clay County, Missouri, by filing a Petition ("**Petition**") styled *H.Z., M.Z. by and through her Next Friend, H.Z., G.Z. by and through his Next Friend, H.Z., and A.J. v. North Kansas City Hospital Auxiliary and Perry Johnson & Associates, Inc.*, Case No. 24CY-

1

CV00708 (the "**State Court Action**"). Pursuant to § 1446(a), all documents that have been received by Defendant, including the Petition, are attached as **Exhibit A**.

2. Plaintiffs also named Perry Johnson & Associates Coding Holding, Inc. and Perry Johnson & Associates Staffing Holding, Inc. as Defendants in the Petition, but dismissed them on February 2, 2024. Defendant Perry Johnson & Associates, Inc. ("**PJA**") remains a named Defendant party.

3. The Petition filed in the State Court Action alleges that Plaintiffs are citizens of Missouri.

4. According to the Petition, Defendant PJA is a Nevada corporation with its principal place of business located in Nevada, where it may be served. Pet. ¶ 21

5. The Petition generally involves involves certain data security incidents that Plaintiffs allege took place between March 27, 2023 and May 2, 2023. Pet. ¶ 2. Specifically, they allege that "Defendants disclosed Plaintiffs' PHI and PII to unauthorized persons." Pet. ¶ 3. The Petition defines the alleged data security incident as the "**Data Breach**." Pet. ¶ 2.

6. Plaintiffs allege that they and the other members of the putative class suffered damages from the Data Breach and they allege that they "have incurred (and will continue to incur) damages in the form of, *inter alia*, loss of privacy" and claims of "breach of implied contract, breach of contract, common law negligence, breach of Missouri Merchandising Practices Act, negligent training and supervision, negligence *per se,* and breach of fiduciary duty of confidentiality." Pet. ¶¶ 7, 11.

7. Plaintiffs were not the first to file a putative class action after the alleged intrusion and Data Breach of PJA's technological systems. In the last weeks of 2023, well over two dozen

2

Case 4:24-cv-00111-LMC   Document 1   Filed 02/13/24   Page 2 of 9

other nearly identical putative class action lawsuits have been filed against PJA and other hospital defendants who had contracted with PJA.[1]

8. The cited lawsuits include the same or similar allegations and causes of action as the Petition here and are based on the same underlying facts. Moreover, there is substantial—and,

---

[1] A partial listing includes the following cases: *Gill v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01851 (D. Nev., filed Nov. 10, 2023); *Lowery v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01857 (D. Nev., filed Nov. 13, 2023); *Carter v. Cook County Health and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01866 (D. Nev., filed Nov. 13, 2023); *Gerber v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08467 (E.D.N.Y., filed Nov. 14, 2023); *O'Rourke v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01880 (D. Nev., filed Nov. 14, 2023); *Rodriguez et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01874 (D. Nev., filed Nov. 14, 2023); *Levitt v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01892 (D. Nev., filed Nov. 16, 2023); *Mayo et al. v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08517 (E.D.N.Y., filed Nov. 16, 2023); *Vasquez v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08544 (E.D.N.Y., filed Nov. 16, 2023); *Hvidsten et al. v. Northwell Health, Inc.*, No. 2:23-cv-08538 (E.D.N.Y., filed Nov. 16, 2023); *Vetere v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01900 (D. Nev., filed Nov. 17, 2023); *Belov et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08583 (E.D.N.Y., filed Nov. 17, 2023); *Kurtev et al. v. Cook County Health & Hospitals System and Perry Johnson & Associates, Inc.*, No. 2:23-cv-1905 (D. Nev., filed Nov. 17, 2023); *Brewster v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08627 (E.D.N.Y., filed Nov. 20, 2023); *Faivre v. Perry Johnson & Associates, Inc., Northwell Health, Inc., and Cook County Health*, No. 2:23-cv-01926 (D. Nev., filed Nov. 20, 2023); *Jerome v. Northwell Health*, No. 2:23-cv-08624 (E.D.N.Y., filed Nov. 20, 2023); *Belov et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01925 (D. Nev., filed Nov. 20, 223); *Colon et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01910 (D. Nev., filed Nov. 20, 2023); *Marconi et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08638 (E.D.N.Y., filed Nov. 21, 2023); *Kaufman v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01935 (D. Nev., filed Nov. 21, 2023); *Davis v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01932 (D. Nev., filed Nov. 21, 2023); *Shanahan et al. v. Perry Johnson & Associates, Inc., Northwell Health, Inc., Salem Regional Medical Center, and Cook County Health*, No. 2:23-cv-01947 (D. Nev., filed Nov. 22, 2023; amended complaint filed Dec. 4, 2023); *O'Neill et al. v. Perry Johnson & Associates, Inc. and County of Cook, Illinois*, No. 2:23-cv-01964 (D. Nev., filed Nov. 28, 2023); *L.G. v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01987 (D. Nev., filed Nov. 30, 2023); *Sept et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01983 (D. Nev., filed Nov. 30, 2023); and *Ruderman et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-02014 (D. Nev., filed Dec. 6, 2023).

3

in some instances, complete—overlap among the putative classes across the various class action complaints and the class alleged in this Petition.

9. Because so many overlapping and duplicative class action lawsuits were filed, proceedings were instituted before the Judicial Panel on Multidistrict Litigation ("**JPML**"), which on January 30, 2024 issued a Transfer Order captioned *In re: Perry Johnson & Associates Medical Transcription Data Security Breach Litigation*, MDL No. 3096. In that Transfer Order, the JPML consolidated at least 26 actions in the United States District Court for the Eastern District of New York and assigned those actions to the Honorable Rachel P. Kovner for coordinated and consolidated proceedings.

10. Concurrent with this Notice of Removal, Defendants are filing a Notice of Potential Tag-Along Actions before the JPML and expect that this matter will likewise be transferred to the United States District Court for the Eastern District of New York

## TIMELINESS OF REMOVAL

11. Plaintiffs obtained a Summons in the State Court Action dated January 22, 2024 and served Defendant on February 6, 2024. Defendant understands that Plaintiffs served Defendant PJA on or around February 2, 2024.

12. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days after the date Defendant was served.

## BASIS FOR REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(D) AND 1453

13. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d). As detailed below, all elements necessary for CAFA jurisdiction are stated in the Petition:

a. The putative class is a proposed class action within the meaning of CAFA;

b. Any member of a class of plaintiffs is a citizen of a State different from any defendant;

c. The number of members of all proposed plaintiff classes in the aggregate is at least 100; and

d. The amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.

*See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6).

14. ***Removal to this Court is proper because this case is a proposed "class action" within the meaning of CAFA.*** CAFA's definition of "class action" includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs allege that the Petition is brought as a class action on her behalf and on behalf of "tens of thousands of individuals." Pet. ¶ 85. Plaintiffs also allege that the action is brought pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure. Pet. ¶ 83. Class Actions under Rule 52.08 are class actions brought under a "similar State statute" to Rule 23 of the Federal Rules of Civil Procedure, and thus fall within CAFA's definition of "class action." *See* 28 U.S.C. § 1332(d)(1)(B).

15. ***Removal to this Court is proper because the parties are minimally diverse.*** The Petition alleges that the named Plaintiffs are citizens of Missouri, while they allege that PJA is a "corporation" that may be served in Carson City, Nevada. Pet. ¶¶ 15-18, 21. Therefore, the named Plaintiffs are citizens "of a State different from" defendant PJA, and these alleged facts satisfy CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(1)(B).

16. ***Removal to this Court is proper because the proposed class exceeds 100 individuals.*** The Petition alleges that Plaintiffs bring the Petition as a class action on their behalf

5

and on behalf of "tens of thousands of individuals." Pet. ¶ 85. This far exceeds CAFA's minimum requirement of 100 people.

17. ***Removal to this Court is proper because the matter in controversy exceeds $5 million.*** Plaintiffs, individually and on behalf of the putative class, allege that they "have incurred (and will continue to incur) damages in the form of, *inter alia*, loss of privacy" and claims of "breach of implied contract, breach of contract, common law negligence, breach of Missouri Merchandising Practices Act, negligent training and supervision, negligence *per se,* and breach of fiduciary duty of confidentiality." Pet. ¶¶ 7, 11.

18. While Plaintiffs do not specify a claimed amount, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiffs claim to be seeking damages for, among other things, "(a) actual identity theft; (b) the loss of the opportunity of how their PII and PHI is used; (c) the compromise, publication, and/or theft of their PII and PHI; (d) out-of-pocket expenses associated with the prevention, detection, and recovery from identify theft, tax fraud, and/or unauthorized use of their PII and PHI; (e) lost opportunity costs associated with effort expenses and the loss of productivity addressing and attempting to mitigate the actual present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (f) costs associated with placing freezes on credit reports; (vii) [sic] the continued risk to their PII and PHI, which remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the PII and PHI of Plaintiffs and the Class; and (g) costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of

the PII and PHI compromised as a result of the Data Breach for the remainder of the lives of Plaintiffs and the Class." Pet. ¶ 136.

19. Plaintiffs also seek injunctive relief, *see* Pet. ¶ 12, which can be included in the assessed value of the claim. *See, e.g.*, *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Moreover, when considering the size of the putative class that numbers in the tens of thousands, *see* Pet. ¶ 85, Defendants can plausibly assert that Plaintiffs' request for monetary damages exceeds the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d)(2).[2] *See Dart Cherokee*, 135 S. Ct. at 554.

20. Because the Petition satisfies each of CAFA's jurisdictional requirements, the State Court Action can be properly removed to this Court.

**DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

21. Removal is timely under 28 U.S.C. § 1446(b), because Defendant is removing this action within 30 days of being served with the Petition in the State Court Action.

22. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Court Action (including the summons and complaint) are attached hereto as Exhibit A.

24. All served defendants have consented to the removal of this action. Counsel for Defendant also contacted counsel for PJA, and PJA consents to the removal of this action.

---

[2] Defendant also notes that plaintiffs in many, if not all, of the two-dozen-plus lawsuits filed in federal court and consolidated by the JPML included allegations that the alleged Data Breach of PJA's network systems involved an amount in controversy that exceeds $5 million.

## NOTICE TO STATE COURT AND PLAINTIFF

25. Pursuant to 28 U.S.C. § 1446(d), Defendant filed this Notice with the Court, is serving a copy of this Notice upon counsel for Plaintiffs, and is filing a Notice of Filing of Notice of Removal in the Circuit Court of Clay County, Missouri. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

**WHEREFORE**, the case now pending in the Circuit Court of Clay County, Missouri, under the caption *H.Z., M.Z. by and through her Next Friend, H.Z., G.Z. by and through his Next Friend, H.Z., and A.J. v. North Kansas City Hospital Auxiliary and Perry Johnson & Associates, Inc.*, Case No. 24CY-CV00708, is hereby removed to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: February 13, 2024

Respectfully submitted,

BOULWARE LAW LLC

/s/ *Brandon J.B. Boulware*
Brandon J.B. Boulware   MO   #54150
Jeremy M. Suhr          MO   #60075
1600 Genessee, Suite 416
Kansas City, Missouri 64102
Tele:   (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com


ROUSE FRETS WHITE GOSS
    GENTILE RHODES, P.C.

 /s/ Timothy S. Frets
Timothy S. Frets         MO   #28019
5250 W. 116th Place, Suite 400
Leawood, KS 66211
Phone: (913) 387-1600
Fax:   (913) 928-6739
tfrets@rousepc.com

*Attorneys for Defendant North Kansas City Hospital Auxiliary*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of February 2024, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

      /s/ Brandon J.B. Boulware
*Attorney for Defendant North Kansas City Hospital Auxiliary*